1
2
3
4
5
6
7
8          **UNITED STATES DISTRICT COURT**
9         **SOUTHERN DISTRICT OF CALIFORNIA**
10

| | |
|---|---|
| NOBELBIZ, INC., a Delaware corporation, | CASE NO.  14cv0832 W (JLB) |
| Plaintiff, | ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY |
| vs. | |
| JEFF L.  WESSON, an individual; and DOES 1-10, inclusive, | [ECF NO.  6] |
| Defendants. | |

    Presently before the Court is Plaintiff's *Ex Parte* Motion for Expedited Discovery.  (ECF No.  6.)  For the reasons outlined below, Plaintiff's motion is GRANTED in part and DENIED in part.

### BACKGROUND

    On April 8, 2014, Plaintiff NobelBiz filed a complaint for: (1) Violation of Federal Computer Fraud and Abuse Act; (2) Misappropriate of Trade Secrets; and (3) Breach of Contract.  (ECF No.  1.)  The complaint alleges that Defendant Wesson, a former employee of NobelBiz, unlawfully accessed a computer belonging to  NobelBiz and misappropriated trade secrets and other protectable confidential business information.  It is further alleged that Wesson wrongfully

//

disclosed the confidential information and then attempted to conceal his access and disclosure by destroying evidence.

NobelBiz filed its motion for expedited discovery on April 10, 2014. (ECF No. 6.) NobelBiz asserts that it need the expedited discovery to develop the evidentiary record for an imminent request for a preliminary injunction or temporary restraining order. (ECF No. 6.) Wesson filed a response in opposition on April 14, 2014. (ECF No. 7.) No answer has been filed.

A telephonic status conference regarding Plaintiff's motion for expedited discovery was held before Judge Burkhardt on April 17, 2014 at 4:00 P.M. Lee Brenner appeared on behalf of Plaintiff NobelBiz. Mark Konkel, whose pro hac vice application was pending at the time, was present on the call but did not participate. Paul Ultimo appeared on behalf of Defendant Wesson.

## DISCUSSION

Discovery is generally not permitted without a court order before the parties have conferred pursuant to Federal Rule of Civil Procedure 26(f). Fed. R. Civ. P. 26(d)(1). Courts in the Ninth Circuit generally grant requests for expedited discovery when the moving party shows good cause. *Semitool, Inc. V. Tokyo Elec. Am., Inc.*, 208 F.R.D. 273, 275–76 (N.D. Cal. 2002).

> "'Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party.' [Citation omitted.] In determining whether good cause justifies expedited discovery, courts commonly consider factors including: (1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the [party opposing expedited discovery] to comply with the requests; and (5) how far in advance of the typical discovery process the request was made."

*Apple Inc. v. Samsung Electronics Co., Ltd.*, 2011 WL 1938154, at *1 (N.D. Cal. 2011).

Because Wesson's time to file an answer has not yet expired, the Court has not set a Rule 26(f) conference. As a result, NobelBiz's request is for expedited discovery and therefore NobelBiz must make a showing of good cause.

14cv0832

1    Based on the factors discussed below, the Court finds that NobelBiz has

2  demonstrated good cause for limited expedited discovery.  While NobelBiz has not

3  yet filed a motion for preliminary injunction, courts have found that expedited

4  discovery may be justified to allow a plaintiff to determine whether to seek an early

5  injunction.  *Interserve, Inc. v. Fusion Garage PTE, Ltd.*, 2010 WL 143665, at *2

6  (N.D. Cal. 2010) ("Expedited discovery will allow plaintiff to determine whether to

7  seek an early injunction.").

8    Although the Court expresses no opinion on the merits of NobelBiz's claims,

9  the Court notes that NobelBiz has proffered facts that provide a reasonable basis to

10  believe that Defendant accessed, subsequent to his resignation, a laptop computer

11  and a number of confidential reports and files belonging to NobelBiz.  This proffer

12  tends to support NobelBiz's request for expedited discovery.

13    A number of additional considerations also support NobelBiz's request.

14  First, the expedited discovery NobelBiz requests is directly relevant to its

15  misappropriation claim.  Second, expedited discovery would allow the Court to

16  address any request for preliminary injunctive relief at the outset of the case,

17  thereby providing a measure of clarity to the parties early in the proceeding and

18  facilitating effective case management.  Finally, the discovery requests - as limited

19  by this order - are appropriately restrained in breadth and scope and compliance by

20  Wesson would not be unduly burdensome.  Each of these factors weighs in favor of

21  NobelBiz's request. *See Semitool*, 208 F.R.D. at 276–77 (indicating that relevance

22  of the discovery requested and the facilitation of case management support a request

23  for expedited discovery); *Apple*, 208 F.R.D. 2011 WL 1938154, at *3 (weighing the

24  breadth of the request and the burden on the producing party).

25                              **ORDER**

26    While NobelBiz had shown good cause for limited expedited discovery, such

27  good cause does not warrant granting the motion in full.  Accordingly, the Court

28  modifies NobelBiz's requests as set out below.

**A.      Requests Granted In Full**

Wesson is ORDERED to respond, on or before **May 2, 2014**, to the following requests for production: Request for Production No. 2; Request for Production No. 4; Request for Production No. 5; Request for Production No. 6; and Request for Production No. 7.  (ECF No. 6, Konkel Decl., Ex. A.)

Wesson is ORDERED to appear for deposition on or before **May 20, 2014**, unless that date is otherwise extended by agreement of the parties, with notice to the Court.

Wesson is ORDERED to serve written responses, on or before **April 25, 2014**, to the following interrogatories: Interrogatory No. 1; Interrogatory No. 3; and Interrogatory No. 4.  (ECF No. 6, Konkel Decl., Ex. B.)

Plaintiff's request to serve a subpoena Broadband Dynamics, a third party, is GRANTED as to the request for production.  (ECF No. 6, Konkel Decl., Ex. C.)

**B.      Request Granted In Part**

Wesson is ORDERED to respond, on or before **May 2, 2014**, to Production Request No. 1 containing the following limitation:

> All DOCUMENTS, including but not limited to emails, text messages, instant messages, memoranda, reports, other correspondence and files CONCERNING DOCUMENTS *originating in, or belonging to, NOBELBIZ*, including but not limited to DOCUMENTS entitled "Master Account List," "Nobel Sales Process," "Account Management Folder," "Account List," and "2013 Projection Master."

(ECF No. 6, Konkel Decl., Ex. A.)

Wesson is ORDERED to respond, on or before **May 2, 2014**, to Production Request No. 3 containing the following limitation:

> All DOCUMENTS, including but not limited to emails, text messages, instant messages, memoranda and other correspondence transmitted during the period January 1, 2013 to the present between you and any PERSON (including but not limited to BROADBAND or Ray Pollum) concerning ***DOCUMENTS originating in, or belonging to,*** NOBELBIZ.

(ECF No. 6, Konkel Decl., Ex. A.)

//

//

- 4 -

14cv0832

1   **C.      Requests Denied**

2            The motion for expedited discovery is DENIED as to the following:

3            (1)  Request for Production No. 8.  (ECF No.  6, Konkel Decl., Ex.  A.)

4            (2)  Interrogatory No.  2.  (ECF No. 6, Konkel Decl., Ex.  B.)

5            (3)  Plaintiff's request to depose Broadband Dynamics, a third party.  (ECF

6   No.  6, Konkel Decl., Ex.  C.)

7                                    **CONCLUSION**

8            For the reasons stated above, Plaintiff's Motion for Expedited Discovery is

9   GRANTED in part and DENIED in part.

10

11  IT IS SO ORDERED.

12

13  DATED:  April 18, 2014

14                                              JILL L.  BURKHARDT
                                                United States Magistrate Judge
15

16

17

18

19

20

21

22

23

24

25

26

27

28

14cv0832